13-4617
Kadria v. Lynch

BIA
A078 280 103

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fifteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

LAHIM KADRIA,
        *Petitioner,*

        v.                                    13-4617
                                             NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**     Michael P. DiRaimondo, Melville, New York.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Lindsay W. Zimliki, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lahim Kadria, a native and citizen of Albania, seeks review of a November 15, 2013, decision of the BIA denying his motion to reopen. *In re Lahim Kadria*, No. A078 280 103 (B.I.A. Nov. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).

It is undisputed that Kadria's motion was untimely and number barred because it was filed approximately ten years after the agency's final order of removal, and it is Kadria's third motion to reopen. *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i) (providing one motion to reopen may be filed within 90 days of final administrative decision). These time and number limits do not apply if an alien establishes "changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

We find no abuse of discretion in the BIA's denial of reopening. Kadria argues that the election of a socialist Prime Minister in 2013 constitutes a material change in conditions in Albania, violence stemming from the election places him in danger, and he would be targeted by socialists if he returns to Albania because he supports the Democratic Party.

Kadria challenges the BIA's determination that his motion to reopen was "not supported with affidavits." We "presume that [the BIA] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Although the BIA did not specifically identify Kadria's own declaration, it states

3

only that Kadria fears he would be targeted by the Socialist Party, and that a socialist was elected Prime Minister in 2013. These facts were contained in Kadria's motion and an expert report by Dr. Bernd Fischer, and the election result was mentioned in several articles. Therefore, although the BIA did not expressly reference Kadria's declaration, its substance was considered. *Jin Yi Liao v. Holder*, 558 F.3d 152, 156 n.3 (2d Cir. 2009) ("The agency is not required to 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.'" (citation omitted)).

Kadria also generally argues that the BIA's denial of his motion to reopen was an abuse of discretion. It was not. The BIA reasonably relied on the 2012 State Department report, which made no mention of political violence in Albania. "[A] report from the State Department is 'usually the best available source of information' on country conditions." *Xiao Ji Chen*, 471 F.3d at 341 (citation omitted). The remaining evidence stated that the Socialist Party won the 2013 election for Prime Minister, and described a single "shootout" during which a Socialist Movement for Integration party activist was killed and a

4

Democratic Party candidate was injured.  A single shooting does not constitute a material change in conditions.  8 U.S.C. § 1229a(c)(7)(C)(ii); *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) (comparing conditions at time of merits hearing and those when motion to reopen was filed).

Kadria also points to the expert report by Dr. Bernd Fischer as establishing a material change in conditions. This report posits that Kadria had "suffered threats and harm in the past."  However, the BIA reasonably refused to revisit Kadria's claim of past persecution because it had already been rejected on credibility grounds and there was no basis to disturb the original decision.  *Paul v. Gonzales*, 444 F.3d 148, 155 n.5 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam).

As to future persecution, the bulk of the Fischer report describes general conditions in Albania, gives a brief history of Albanian politics, and discusses recent Albanian elections without drawing any connection to Kadria. When the report does mention Kadria, it is in conclusory terms.  These statements are insufficient to establish a change in conditions that would have a material effect on Kadria's asylum claim.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (discussing how changed

5

conditions must relate to the alien's claim of persecution). In addition, rather than identify a change in country conditions, the report describes "continuing political instability" resulting from Albania's "communist past." *See Matter of S-Y-G-*, 24 I&N Dec. at 253.

Kadria's due process argument also fails. He does not have a due process right in the proceedings. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008). And, as described above, the BIA considered the evidence before it, and its decision reflects consideration of the facts and arguments raised in support of reopening. Thus, Kadria has not shown prejudice, as required to state a due process claim. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2007) ("[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk